UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SCOTT LESYE, Individually and on Behalf of All Others Similarly Situated, | 06 CV 10236 (RMB) |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| -against- | Plaintiff Demands Trial by Jury |
| FLAGSHIP CAPITAL SERVICES CORPORATION and INTEGRATED CREDIT SOLUTIONS, INC., | |
| *Defendants*. | |

## PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential telephone lines Defendants placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services ("prerecorded calls"), other than Defendants, their officers, employees, representatives, and their families (the "Class"), during the period beginning four years prior to the commencement of this action and continuing to the present (the "Class Period").

2. Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) ("TCPA"). Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

4. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

## PARTIES

6. Plaintiff, Robert Scott Leyse (hereinafter "Leyse"), was and is at all relevant times a resident of New York, New York. Plaintiff is a citizen of the State of New York.

7. Defendant, Flagship Capital Services Corporation ("Flagship"), is a Delaware for-profit corporation with its principal place of business at 18850 U.S. Highway 19 N., Bldg. 5, Suite 580, Clearwater, Florida 33764. Defendant is a citizen of Delaware and Florida.

8. Defendant, Integrated Credit Solutions, Inc. ("ICS"), is a Florida for-profit corporation and a wholly owned subsidiary of Flagship. ICS has its principal place of business at 18850 U.S. Highway 19 N., Bldg. 5, Suite 580, Clearwater, Florida 33764. Defendant is a citizen of Florida.

## FACTS

9. Beginning on or about October 28, 2002 and continuing to at least February 24, 2003, Defendants placed, to Plaintiff's residential telephone line, at least four telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services.

10. During the Class Period, Defendants placed, to at least 10,000 residential telephone lines, the messages set forth in paragraph "9" herein.

11. Neither Plaintiff nor the other Class Members had given Defendants prior express invitation or permission to place the aforementioned telephone calls.

12. Neither Plaintiff nor the other Class Members had an established business relationship with Defendants as defined by 47 C.F.R. § 64.1200(f)(3).

13. The aforementioned messages claimed to be on behalf of a non-profit organization, Lighthouse Credit Foundation, Inc. ("Lighthouse"), a Florida non-profit corporation, but Defendants required that individuals who responded to their the messages purchase goods or services from

Defendants as a prerequisite to purchasing goods or services from Lighthouse.

## COUNT I

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" inclusive of this Complaint as if fully set forth herein.

15. The placement of telephone calls to Plaintiff and Members of the Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(B).

16. Based upon the foregoing, Plaintiff and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

17. Based upon the foregoing, Plaintiff and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B).

## CLASS ALLEGATIONS

18. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential telephone lines Defendants placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services ("prerecorded calls"), other than Defendants, their officers, employees, representatives, and their families (the "Class"), during the period beginning four years prior to the commencement of this action and continuing to the present (the "Class Period").

19. The Members of the Class are so numerous that joinder of all Members is impracticable.

20. Plaintiff believes there are thousands of individuals whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class Members. Members of the Class have sustained damages arising out of Defendants' wrongful conduct in the same manner that Plaintiff has sustained damages arising out of Defendants' unlawful conduct.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

21. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

22. Common questions of law and fact predominate over questions that affect only individual Class Members. Among the questions of law and fact common to the Class are:

(i) whether Defendants placed prerecorded calls to residential telephone lines;

(ii) whether the messages contained in the prerecorded calls placed by Defendants were "advertisements" under the TCPA;

(iii) whether a caller's reason for placing a prerecorded telephone call is relevant to determining whether the call is in violation of the TCPA

(iv) whether the statute of limitations over TCPA claims is supplied by federal law or state law;

(v) whether a recipient of a prerecorded telephone call has a duty to mitigate his damages;

(vi) whether conduct of a recipient of a prerecorded telephone call after the call is received can retroactively establish permission;

        (vii) whether the references in Defendants' prerecorded calls to Lighthouse renders Defendants' prerecorded calls exempt from the TCPA;

        (viii) whether Defendants willfully or knowingly violated the TCPA;

        (ix) whether the Members of the Class are entitled to damages, and, if so, how much; and

        (x) whether the Members of the Class are entitled to injunctive relief.

23.    Plaintiff has alleged the foregoing based upon the investigation of his counsel, and believes that substantial evidentiary support will exist for the allegations set forth in paragraphs "1" through "17" inclusive after a reasonable opportunity to conduct discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Awarding Plaintiff and the other Members of the Class statutory damages of $500.00 pursuant to 47 U.S.C. §§ 227(b)(3)(B), with interest as allowed by law:

(b) Awarding Plaintiff and the other Members of the Class up to $1,000.00 of statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C), in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully, with interest as allowed by law;

(c) Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B); and

(d) Awarding to Plaintiff the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: October 17, 2006

    Yours, etc.,

    TODD C. BANK
    Attorney for Plaintiff
    119-40 Union Turnpike
    Fourth Floor
    Kew Gardens, New York 11415
    (718) 520-7125
    TB 6825

    _____
    TODD C. BANK