**Holland+Knight**

Tel  212 513 3200
Fax  212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
www.hklaw.com

RECEIVED
APR 30 2007
CHAMBERS OF
RICHARD M BERMAN
U S D J

**MEMO ENDORSED**

Pl to submit 2-3 pp response by 5/3/07. Conference adjourned to 5/9/07 @ 9:30 A.M.

Sean C. Sheely
212 513 3538
sean.sheely@hklaw.com

SO ORDERED:
Date: 4/30/07
Richard M. Berman, U.S.D.J.

April 27, 2007

Hon. Richard M. Berman
United States District Judge
Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

Re: <u>Lesye v. Flagship Capital Services Corporation</u> et al., 06cv10236 (RMB)

Your Honor:

On behalf of defendant Mary Melcer in the above-referenced matter, we write pursuant to Your Honor's Individual Practices to request permission to file a motion to dismiss the Amended Class Action Complaint, pursuant to Fed. R. Civ. P. 12(b), for (i) lack of subject matter jurisdiction, (ii) lack of personal jurisdiction, and (iii) failure to state a claim upon which relief can be granted against Ms. Melcer individually.

This case involves the Telephone Consumer Collection Practices Act ("TCPA"), which makes it illegal, under certain circumstances, for a person to place a call to a residential line using a pre-recorded voice messaging system. 47 U.S.C. § 227. The TCPA does not convey federal question jurisdiction and, therefore, the only way to reach this Court is through diversity jurisdiction. *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340-41 (2d Cir. 2006).

Plaintiff cannot proceed with his TCPA claim in federal court on an individual basis because the value of his individual claim based on four alleged telephone calls with potential damages of $500 per call is far short of the $75,000 amount-in-controversy requirement for individual's claims. Instead, plaintiff framed his Amended Complaint as a purported class action to aggregate damages arising from 10,000 alleged telephone calls to putative class members.

New York Civil Practice Law and Rules ("CPLR") § 901(b) provides that a class action may not be maintained for statutes, like the TCPA, which impose a penalty. New York state courts have consistently held that CPLR § 901(b) bars class actions which allege violations of the TCPA. *Giovanniello v. Carolina Wholesale Office Machine Co.*, 29 A.2d 737 (2d Dept. 2006); *Rudgayzer & Gratt v. Cape Canaveral Tour & Travel*, 22 A.D.3d 148 (2d Dept. 2005), *Weber v. Rainbow Software*, 21 A.D.3d 411 (2d Dept. 2005); *Giovanniello v. Hispanic Media Group USA*, 21 A.D.3d 400 (2d Dept. 2005); *Ganci v. Cape Canaveral Tour & Travel*, 21 A.D.3d 399 (2d Dept. 2005); *Bonime v. Bridge 21*, 21 A.D.3d 393 (2d Dept. 2005); *Bonime v. Discount Funding Assoc.*, 21 A.D.3d 393 (2d Dept. 2005); *Rudgayzer & Gratt v. LRS Comm.*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #: _____
DATE FILED: 4/30/07

Hon. Richard M. Berman, U.S.D.J.
April 27, 2007
Page 2

*Inc.*, 6 Misc.3d 20, 789 N.Y.S.2d 601 (N.Y. App. Term. 2004)("the proposed cause of action lacks merit in that the language of the TCPA . . . in combination with the provisions of CPLR 901(b) makes it clear that no TCPA class action is available in New York state courts)

Indeed, the Appellate Division for the First Department of the State of New York previously denied plaintiff Robert Leyse's attempt to bring this claim against Flagship Capital as a class action in New York state court. *Leyse v. Flagship Capital Services Corp.*, 22 A.D.3d 426, 803 N.Y.S.2d 52 (1st Dep't. 2005)(no statutory authorization under New York law for class recovery under the TCPA). Similarly, the United States District Court for the Eastern District of New York has recently dismissed two similar TCPA class actions filed by Mr. Lesye's counsel in this matter. *Holster v. Gatco, Inc.*, 2007 WL 923086 (E.D.N.Y. March 23, 2007)(New York law bars TCPA class action); *Bonime v. Avaya, Inc.*, 2006 WL 3751219 (E.D.N.Y. Dec. 20, 2006)(New York law bars TCPA class action).

Without class action status, we respectfully submit that the plaintiff cannot meet the jurisdictional threshold for diversity jurisdiction and this matter must be dismissed.

Furthermore, plaintiff has not alleged any facts that support personal jurisdiction as to Ms. Melcer, a long-time resident of Florida. Moreover, the amended complaint, which added Ms. Melcer as a defendant in her individual capacity, fails to state a cause of action against Ms. Melcer.

We have already drafted a motion to dismiss on behalf of Ms. Melcer and are prepared to file it immediately with the Court's permission. Under these circumstances, we do not believe that a pre-motion conference is necessary and respectfully request Your Honor's permission to file the motion to dismiss without such a conference.

If the Court is inclined to have a pre-motion conference, I respectfully request that any such conference be combined with the initial case management conference currently scheduled in this matter for May 7, 2007. However, I have just been ordered to appear in Brooklyn Supreme Court on May 7, 2007 for an order to show cause hearing on a preliminary injunction matter and request that any conference in this matter be adjourned for the next available date.

                                        Respectfully submitted,

                                        Sean C. Sheely

cc: Todd Banks, Esq. (by email)

# 4512513_v1